*Computer of Law/Law Library*

FILED
SUPERIOR COURT

2012 AUG -2 PM 3:01

COURT
BY

## IN THE SUPERIOR COURT
## OF GUAM

JOSEPH SANTIAGO TAITANO,
ATTORNEY IN FACT FOR THE HEIRS
OF DELORES TORRES FLORES,
THE HEIRS OF MANUE L TORRES
FLORES and THE HEIRS OF LUIS
TORRES FLORES,

                  Plaintiffs,

    vs.

CALVO FINANCE CORPORATION,
REMEDIOS TORRES FLORES, WILLIE
TORRES FLORES and DAVID TORRES
CRUZ,

                  Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL CASE NO. CV0365-03

**DECISION AND ORDER**
re: Motion to Dismiss for Failure to
Prosecute

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on May 8, 2012. Plaintiff Joseph Santiago Taitano appeared *pro se*. Defendant Calvo Finance Corporation was represented by Attorney Michael A. Pangelinan. Defendant Willie Torres Flores was represented by Attorney Jon A. Visosky. After considering the matters presented, the Court issues the following decision and order granting Defendants' motion to dismiss for failure to prosecute.

## BACKGROUND

The instant case arises out of an action, filed by the Plaintiffs in 2003, to quiet title and recover based on the alleged fraud committed by the Defendants. The Guam Supreme Court affirmed the dismissal of the fraud claim and reversed the dismissal of the quit title claim. *see Taitano v. Calvo Finance Corp.*, 2008 Guam 12; *Taitano v. Calvo Finance Corp.*, 2009 Guam 9. On December 19, 2011, the Defendants filed a motion to dismiss for failure to prosecute. Defendants argue that since September 22, 2009, when the Supreme Court of Guam issued its

opinion on rehearing in this case, the Plaintiffs have done nothing to prosecute this action.

## DISCUSSION

When prosecuting an action, the rule is that a plaintiff is required to act with reasonable diligence. *Moore v. Telfon Communications Corp.*, 589 F.2d 959, 967 (9th Cir. 1978) (citing *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)). According to G.R.C.P. Rule 41(b), when a plaintiff fails to "prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the plaintiff." *Santos v. Carney*, 1997 Guam 4 ¶ 5.

Since the G.R.C.P. does not define when a "failure to prosecute" is appropriate under Rule 41(b), this jurisdiction looks to the Ninth Circuit's five-factor test to make such a determination: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Santos*, 1997 Guam 4 ¶ 5 (quoting *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994)).

The first two factors, the public's interest in expeditious resolution of litigation and docket management, are ordinarily considered together. *Id.* The record reflects that almost three years have passed with nothing having been done by the Plaintiffs to move this case along. Since September 22, 2009, when the Supreme Court of Guam issued its opinion on rehearing in this case, the Plaintiffs have not advanced much towards resolution. With that said, the first two factors weigh in favor of dismissal.

Next, the Court considers the third factor. The burden is on the plaintiff to show that the delay is reasonable, and that the defendant is not prejudiced by the delay. *Santos*, 1997 Guam 4 ¶ 5. If there is a reasonable excuse for the inaction, which there is not in this case, then the

burden shifts to the defendant who must then demonstrate prejudice. *Id.* Late answers may be excused where there is no showing of prejudice to the defendant. *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1987). In the present case, Plaintiffs have failed to meet their burden because they have failed to provide any reasonable excuse whatsoever; therefore, the Court presumes the Defendants were prejudiced. Presumed prejudice is sufficient to support a dismissal under GRCP 41(b). *Santos* at ¶ 8. The Court finds that the third factor also favors dismissal.

The fourth factor stresses the need for courts to resolve cases on the merits. *Santos*, 1997 Guam 4 ¶ 9. However, the public policy of determining cases on their merits should not be used defensively as a shield by a passive plaintiff who has failed in his obligation to prosecute the defendants with the vigor expected of a plaintiff. *Id.* The Court finds that this factor would ordinarily weigh against dismissal because it is important to dispose of the merits of Plaintiffs claim. However, the Court is in a unique position of foresight because, even now, Plaintiffs have continued to allow their case to remain at a standstill. Furthermore, a review of the allegations and the applicable law leads the Court to conclude that the Plaintiffs will have a difficult time recovering with their 1918 Deed.

The fifth and final factor necessitates considering the availability of less drastic sanctions. "The trial court is not required to impose lesser sanctions, when the rules do not so provide, and when to do so would encourage neglect and noncompliance with the Guam Rules of Civil Procedure." *Santos* at ¶ 10. Nor should the trial court impose lesser sanctions where "the imposition of a lesser sanction than dismissal would condone and promote the inaction and delay of [plaintiff]." *Park v. Kawashima,* 2010 Guam 10 ¶ 24. Plaintiffs have made no filings since September 22, 2009. Plaintiffs also untimely filed a reply to the instant motion and did

not offer reasonable alternate sanctions. Plaintiffs' actions suggest that less drastic sanctions would fail.

After applying the Rule 41(b) test, and weighing such factors as the courts have interpreted them, the motion to dismiss is granted. Plaintiffs have failed to meet their burden as to establishing the reasonableness for the delay, and the Defendants have sufficiently showed prejudice arising from such delay.

## CONCLUSION

Based on the foregoing, the Court finds that the Plaintiffs have not acted with reasonable diligence in prosecuting this action. Therefore, the Court GRANTS Defendants' motion to dismiss. Defendants are ORDERED to submit the Judgment.

SO ORDERED, this _____ day of ___8/2___ 2012.

Original Signed By:
HON. MICHAEL J. BORDALLO
_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

AUG 0 2 2012

Evelyn R. Borja
Deputy Clerk, Superior Court of Guam